**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Randy Dean, Sr. | ) | CASE NO: 5:26CV01842 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Brimfield Police Department, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## I. Introduction and Background

*Pro se* plaintiff Randy Dean, Sr. filed this civil rights action under 42 U.S.C. § 1983 against the Brimfield Police Department; Brimfield Police Officers Jake W. Rapp, #47 Schreckengast, #20 Nieman, #13 Carrozzi, #67 Putnam, Unit 1407, and #80 Kennedy, Unit 1413; "Officer State Trooper"; Brimfield Fire Chief, Craig Mullaly; Brimfield Police Chief, Christopher Adkins; and Brimfield Zoning Inspector, Michael Hladd. (Doc. No. 1). Plaintiff's complaint is very brief. In his "statement of claim," Plaintiff states "at least 8 cases involving wrongdoing or not doing of the Brimfield Police… The[] Police did not protect [and] serve" and "The Brimfield Fire Department did not issue the fire of the white Toyota Prius [and] the white … Chevy van as an arson." (*Id.* at 6-7). Plaintiff attaches to the complaint several pages of exhibits, including copies of an incident report and a case report, a state court pretrial notice, and a copy of a photo with two individuals, and a copy of a photo of a gazebo. (*See* Doc. No. 1-1). For relief, Plaintiff requests a jury trial and $10,000,000.

Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants that application.

**II. Standard of Review**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Federal Rule of Civil Procedure 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal

conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III. Discussion**

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The complaint must give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest to satisfy federal notice pleading requirements. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Here, the complaint, even liberally construed, fails to meet the most basic pleading standard, as the complaint fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint is almost completely devoid of any factual allegations, it fails coherently to identify how each defendant has harmed Plaintiff, and it does not identify a legal claim Plaintiff intends to pursue. Rather, Plaintiff's complaint includes vague and conclusory

assertions and several pages of miscellaneous attachments, apparently relying on the Court to sort through Plaintiff's exhibits to identify a claim under which he can recover. The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Laster v. Pramstaller*, No. 08–CV–10898, 2008 WL 1901250, 2008 U.S. Dist. LEXIS 34080, at *4-5 (E.D. Mich. April 25, 2008) (citing *Windsor v. Colorado Dep't. of Corr.*, 9 Fed. App'x. 967, 968 (10th Cir.2001) (quotation marks omitted)) ("Neither the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief."). Plaintiff's pleading, at best, is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. The complaint therefore fails to meet the minimum pleading requirements of Rule 8, and it must be dismissed on this basis. *Id.*

## IV. Conclusion

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES the action pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be made in good faith.

**IT IS SO ORDERED.**

September 4, 2026

*/s/ John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT